Gaudenzia, Inc. *v.* Zoning Hearing Board of the City of Harrisburg, and North Tower Condominium Association. North Tower Condominium Association, Appellant.

Argued May 2, 1984, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*Bruce E. Cooper,* with him, *Burton D. Morris,* for appellant/intervenor.

*Michael C. Fox, Duane, Morris & Heckscher,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 10, 1984:

North Tower Condominium Association (North Tower) appeals[1] from an order of the Court of Common Pleas of Dauphin County reversing the denial by the Zoning Hearing Board of the City of Harrisburg (Board) of the application of Gaudenzia, Inc. (Gaudenzia) for a continuing use of a certain property

---

[1] The instant appeal was filed and pursued solely by North Tower without participation by the City of Harrisburg.

within the City of Harrisburg as a medical clinic under a previously granted special exception.

On February 21, 1979, the Board granted a special exception to Alcoholism Services, Inc. (ASI) to operate an alcoholism detoxification program at 2835 North Front Street as a medical clinic, a use permitted in that area which is a Special Planned Development Zone under the Harrisburg Zoning Ordinance. ASI provided initial detoxification care and a patient's stay was from three to eight days. Upon ASI's bankruptcy, Gaudenzia agreed to purchase the property.[2] Gaudenzia also operates an alcoholism detoxification program; however, Gaudenzia accepts only patients who have already passed through the initial stage of the detoxification process and provides a thirty day program of counselling and education to its patients.

The Board based its denial of a continuing use to Gaudenzia on factual distinctions between Gaudenzia's program and ASI's. The court of common pleas reviewed the findings of the Board and held that, on such findings, it was legal error to deny Gaudenzia's application for a continuing use under the special exception granted to ASI.[3]

---

[2] North Tower challenges Gaudenzia's standing to appeal to the Board and the court of common pleas on the basis of an asserted lack of ownership in the property in question. This issue was presented to the common pleas court in the form of a Motion to Quash Gaudenzia's appeal from the Board's ruling. The court of common pleas properly denied the motion. The Board specifically concluded that Gaudenzia had standing to request the grant of a special exception and there is substantial evidence in the record to support that conclusion. Therefore, we will not disturb the ruling of the court of common pleas on this issue.

[3] Therefore, it was not necessary for the common pleas court to determine whether the Board's findings were supported by substantial evidence. Consequently, North Tower's argument that the failure of the Board to transmit the complete record to the court of common pleas constitutes reversible error is without merit.

484

We conclude that the common pleas court adequately addressed and properly resolved the controlling question in this appeal, *i.e.,* Gaudenzia's right to a continuing use under the special exception granted to ASI.[4] Therefore, we affirm the order of the court of common pleas on the basis of the well-reasoned opinion authorized by the Honorable WARREN G. MORGAN for the court en banc reported at      Pa. D. & C. 3d (19.  ).

ORDER

AND Now, this 10th day of August, 1984, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter, dated April 13, 1983, is affirmed.

---

[4] Inasmuch as Gaudenzia was properly held to have a right to a continuing use, the court of common pleas had no reason to address the question of Gaudenzia's entitlement to a special exception in its own right, and, due to our affirmation of the order of the common pleas court, we need not consider this question.